UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| In re: ) | |
| ) | |
| **YONG WOON KIM and** ) | Case No. 11-31364 HRT |
| **CHOON GI LEE,** ) | |
| ) | Chapter 7 |
| **Debtors.** ) | |

### ORDER ON TRUSTEE'S MOTION TO STRIKE AND ON DEBTOR'S MOTION TO DISMISS

This case comes before the Court on Tom H. Connolly, the Chapter 7 trustee's (the "Trustee"), *Motion to Strike Amended Petition* (docket #24) and on co-debtor Choon Gi Lee's *Motion for Voluntary Dismissal of Co-petitioner Choon Gi Lee or to Suspend All Proceedings* (docket #25).

The Court has carefully reviewed the above pleadings and responses filed by the parties in interest. The Court finds no factual dispute requiring an evidentiary hearing. Nor are the issues involved unique or complex such that a hearing to allow oral argument by the parties would materially advance the Court's understanding of the issues. Therefore, the Court will rule on the above motions without hearing.

It appears that the Trustee is doing his job. "[T]he overriding purpose of bankruptcy liquidation [is the] expeditious reduction of the debtor's property to money for equitable distribution to creditors" *Midlantic Nat. Bank v. New Jersey Dept. of Environmental Protection*, 474 U.S. 494, 508 (1986) (citing *Kothe v. R.C. Taylor Trust*, 280 U.S. 224, 227 (1930)). Trustee filed *Trustee's Objection to Claim of Exemption* (docket #21) with respect to co-debtor Choon Gi Lee's claim of exemption in certain real property. The Trustee states, and Choon Gi Lee acknowledges in the motion to dismiss, that the Trustee has raised questions concerning the transfer of a Hyundai automobile with the object of recovering the transferred property for the benefit of creditors of the bankruptcy estate. Indeed the Debtors signed a *Stipulation to Turnover of Trustee* (docket #18) promising to turn the Hyundai automobile over to the bankruptcy estate.

The *Amended Voluntary Petition* (docket #15) filed by the co-debtor Yong Woon Kim was filed with no explanation and presents the appearance – as the Trustee states – of a "back-door attempt to dismiss Lee from the bankruptcy proceedings." Lee's motion to dismiss is a more procedurally appropriate attempt to accomplish that end. The reasons given for seeking dismissal are

1. "The pendency or actual administration of this bankruptcy case substantially lessens the bargaining power of the petitioners in the negotiations [concerning a state court lawsuit]; and dismissal of this case will improve the prospects of success in these negotiations."

ORDER ON TRUSTEE'S MOTION TO STRIKE
AND ON DEBTOR'S MOTION TO DISMISS
Case No. 11-31364 HRT

    2.    "Dismissal of co-petitioner Choon Gi Lee will not prejudice creditors since they will no longer be stayed from resorting to the state courts to enforce and realize upon their claims." And remarkably,

    3.    "If co-petitioner Choon Gi Lee is allowed to withdraw as a petitioner, this court would have no standing to nullify the transfer of her asset, i.e., the Hyundai automobile. Accordingly, counsel moves that the Trustee's order setting aside that transfer be rescinded."

The Court appreciates Lee's candor in stating the reasons for seeking dismissal from the bankruptcy case. However, those stated reasons are antithetical the core purpose of the Bankruptcy Code to provide for equitable distribution of a debtor's non-exempt assets to creditors so that remaining unsatisfied debts may be discharged and the debtor may receive a fresh start.

Lee relies on 11 U.S.C. § 305 as authority for the dismissal request. Section 305(a) allows a court to dismiss a case if the "interests of creditors and the debtor would be better served . . . ." 11 U.S.C. § 305(a)(1). But, as stated by Lee in the motion to dismiss, the motion is motivated, at least in part, by a desire to withdraw assets from purview of the bankruptcy estate. The Court cannot find the interests of *both* Lee and her creditors would be served by dismissing her from the bankruptcy case and frustrating creditors' expectation of sharing in the distribution of Lee's assets. Therefore, it is

**ORDERED** that Tom H. Connolly, the Chapter 7 trustee's *Motion to Strike Amended Petition* (docket #24) is GRANTED. It is further

**ORDERED** that Choon Gi Lee's *Motion for Voluntary Dismissal of Co-petitioner Choon Gi Lee or to Suspend All Proceedings* (docket #25) is DENIED. It is further

**ORDERED** that the hearing scheduled for Wednesday, January 11, 2012, at 2:00 p.m. is hereby VACATED.

Dated this \_\_14th\_\_ day of December, 2011.

                                                                  **BY THE COURT:**

                                                                  Howard R. Tallman, Chief Judge
                                                                  United States Bankruptcy Court